LAW OFFICES OF STEPHEN BENDA
Stephen Benda (SBN 126608)
750 Menlo Avenue, Suite 350
Menlo Park, CA 94025
Telephone: (650) 323-6600
Fax (650) 323-6642

Attorneys for Creditor
Ning Liu

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>WILLIAM KWOK WAI WONG aka KWOK WAI WONG, aka WILLIAM WONG,<br><br>Debtor. | Chapter 7<br><br>Bankruptcy Case No. 13-41150 RLE 7<br><br>Adv. Proc. No. 13-04114<br><br>**AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF CLAIMS**<br><br>[11 U.S.C. § 523(a)(2) and (a)(6)] |
| NING LIU,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM KWOK WAI WONG aka KWOK WAI WONG, aka WILLIAM WONG,<br><br>Defendant. | |

Ning Liu ("Plaintiff" or "Liu"), partially secured creditor of the above-referenced debtor and plaintiff herein, alleges as follows:

The Parties

1. Debtor WILLIAM KWOK WAI WONG aka KWOK WAI WONG aka WILLIAM WONG ("Defendant", "Debtor", or "Wong") at all times relevant herein was, and is an individual residing in the County of Alameda, State of California.

2. Plaintiff is, and at all times relevant herein was, an individual residing in the County of Alameda, State of California.

Jurisdiction and Venue

3. This is an adversary proceeding to determine the dischargeability of two claims pursuant to 11 U.S.C. §523(a)(2) and (a)(6), one claim now reduced to judgment in one state court action and the second and related claim, which is now pending and to be liquidated in another state court action.

4. This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. §157(b)(2)(I).

5. Venue in this district is proper pursuant to 28 U.S.C. §1409(a).

General Allegations

6. Defendant filed a petition under Chapter 7 of the Bankruptcy Code on February 28, 2013 ("Petition Date") in this Court, Bankruptcy Case No. 13-41150 RLE 7 ("Bankruptcy Case").

7. Pursuant to the Notice of Chapter 7 Bankruptcy sent by the clerk of this Court at the commencement of the Bankruptcy Case ("Notice"), the last date on which an adversary proceeding under 11 U.S.C. § 523(a)(2) and (a)(6) must be commenced by May 28, 2013.

8. Plaintiff is a partially secured creditor of Defendant in the total amount of $2,732,277 pursuant to (i) the judgment in the amount of $833,000 entered in favor of Plaintiff and against Defendant ("Judgment") in *Liu v. Wong*, Alameda County Superior Court ("Superior Court") Case No. RG-08-421861 and (ii) pursuant to the yet-to-be-liquidated monetary part of the claims made by Plaintiff against Defendant in *Liu v. Wong*, Superior Court Case No. RG-10-516053 ("Pending Case"), originally set for trial on March 4, 2013.

9. Also pursuant to the "no asset" part of the Notice, no formal claim has been filed by Plaintiff, and therefore this complaint is filed in lieu and instead of a formal claim.

**CLAIM FOR RELIEF**

**To Determine Dischargeability of Debt Pursuant to 11 U.S.C. §523(a)(2) and (a)(6)**

10. Plaintiff repeats and realleges paragraphs 1 through 8 herein as if the same were fully set forth herein.

LAW OFFICES OF
STEPHEN BENDA
750 Menlo Ave., Suite 350
Menlo Park, CA 94025
TEL: (650) 323-6600
FAX: (650) 323-6642

Amended Complaint to Determine Dischargeability of Claims
*Liu v Wong*

Case: 13-04114   Doc# 4   Filed: 05/30/13   Entered: 05/30/13 10:11:54   Page 2 of 11

Page 2 of 11
Adv. Case No. 13-04114

Overview of the Claims

11.     This nondischargeability action is brought by creditor Liu against debtor Wong on account of two claims in this case. These claims originally arose out of the loan of funds by Liu to Wong. The first claim is liquidated and is incorporated in the Judgment entered in Superior Court. The second claim is unliquidated and disputed, and arises out of various fraudulent transfer schemes designed to thwart the collection of the Judgment. This second case, the Pending Case, was four days from commencement of trial in Superior Court. The below table shows the source, amount of each component of the two claims, as well as the theory under which each component of each claim is made.

| Claims From => <br> Type of Claim | 1st Claim Judgment | 2nd Claim Pending Trial | Date | Theory of Nondischargeability | |
|---|---:|---:|---|---|---|
| Breach of Contract | 311,000 | None | 03/12/10 | (a)(6) | Fraudulent Transfer |
| Actual Fraud | 2,000 | None | 03/12/10 | (a)(2) | Collateral Estoppel |
| Intentional Infliction of E.D. | 115,000 | None | 03/12/10 | (a)(6) | Collateral Estoppel |
| Punitive Damages | 410,000 | 800,000 | 03/12/10 | (a)(2&6) | Collateral Estoppel |
| Fraudulent Transfer | None | 838,000 | 2008-11 | (a)(6) | Fraudulent Transfer |
| Costs per Memorandum | 9,192 | 5,000 | 03/11/10 | (a)(6) | Fraudulent Transfer |
| Credit – Sheriff's Levies | -(5,298) | None | 11/15/10 | | On Above |
| Reimbursable Costs Sheriff | 1,953 | None | 11/15/10 | | On Above |
| Interest to Petition Date* | 250,380 | None | 02/28/13 | | On Above |
| TOTAL to Petition Date | 1,094,227 | 1,638,000 | 02/28/13 | | On Above |

\* Interest on state court judgments is 10.0% p.a. simple on the outstanding principal
~ Claim not liquidated

The Genesis and Overview of the Two State Court Litigations

12.     Defendant William Wong and plaintiff Ning Liu had an on-and-off romantic relationship first in China and then in the U.S.A. in 1990's and early 2000's. Between 1999 and 2007, Wong used his influence over Liu to induce her to loan him all her and her family's savings for real property investments. Wong then refused to pay back these funds or to convey real property purchased with these funds, as promised. Liu sued Wong and his business partner and girlfriend defendant Yang Cao in State Court. Liu obtained a unanimous jury verdict against Wong, having dismissed Cao, for breach of contract, intentional infliction of emotional distress, and fraud in the amount of $888,000, which judgment was affirmed in all aspects on appeal, but amended to $838,000. See above table.

LAW OFFICES OF
STEPHEN BENDA
750 Menlo Ave., Suite 350
Menlo Park, CA 94025
TEL: (650) 323-6600
FAX: (650) 323-6642

13. However, despite winning this significant judgment, Liu continues to live in poverty and her family refuses to talk to her. This is because Liu has been able to collect only some $5,000 of her judgment because Wong transferred nearly all of his assets to Cao in September and October 2009 making collection efforts futile. These transfers occurred shortly before Liu was able to record an attachment and several months before the February 2010 trial date in the underlying action. Specifically, Wong permitted Cao to place liens on two valuable real properties in the amount of $1,115,000 on October 16, 2009 and secretly purchased two real properties worth at least $340,000 from foreclosure on September 22 and 28, 2009 and transferred them to various entities. By January 2011, Wong also closed down his flooring business and secretly reopened it and operated it under one of Cao's entities.

14. At the March 2010 punitive damages stage of the trial in the underlying action, Wong testified that he had no significant assets or income of any kind. Wong and Cao's fraudulent transfers and conspiracy to commit these fraudulent transfers forced Liu to file the Pending Action against Wong, Wong's wife, Wong's girlfriend Cao, and various entities they control in Superior Court for fraudulent transfer, civil conspiracy and various torts, seeking differing remedies, including the award of actual and punitive damages against Wong, Cao, and their entities.

<u>Detailed Statement of Facts</u>

15. From 1999 to 2007, Wong induced Liu to loan him some $180,000 of Liu's and her entire family's savings (the "Loan"). Wong promised to invest the Loan funds entrusted to him to purchase various foreclosed real estate properties and to either return the Loan funds with interest or turn over a real property of comparable value to Liu. Wong apparently used the Loan funds to purchase foreclosed real estate properties, however, when the Loan became due in 2007, Wong refused to pay back the funds to Liu or to transfer real estate property of comparable value. In September 2007, Liu filed a lawsuit against Wong to collect on the Loan in Superior Court, Case No. RG-07-347522, the "Initial Action".

16. During the pendency of the Initial Action, Liu discovered that Wong transferred to Cao on the below dates a number of real properties that were purchased using the Loan funds:

(a) In December 2004: *2501-2503-2505 San Pablo Avenue* in Oakland, California

LAW OFFICES OF
STEPHEN BENDA
750 Menlo Ave., Suite 350
Menlo Park, CA 94025
TEL: (650) 323-6600
FAX: (650) 323-6642

1  (from Wong, who owned 100% of this real property, to a tenancy in common with both Wong and
2  Cao owning 50% as tenants in common);

3        (b)    In December 2004: *38500 Paseo Padre Pkwy, Apt 205*, in Fremont, California
4  (from Wong, who owned 100% of this real property, to Cao as 100% owner);

5        (c)    In January 2008: *3511 Davis Street*, in Oakland, California (from Wong, who
6  owned 100% of this real property, to Cao as 100% owner); and,

7        (d)    In April 2008: *698 30th Street*, in Oakland, California (from Wong, who
8  owned 100% of this real property, to Cao as 100% owner).

9      17.    Liu realized that in early 2008 Wong started a process of transferring his real estate properties to Cao to conceal his assets. Liu feared that she may not be able to collect even if she prevailed in the Initial Action, so she dismissed the Initial Action in November 2008, and immediately refiled against both Wong, Cao, and their various entities, on equitable and legal theories, for fraud, intentional infliction of emotional distress, etc. in the Superior Court, Case No. RG-08-421861 ("Second Action").

15      18.    The Second Action included causes of action for resulting trust, constructive trust and quiet title with respect to both Wong and Cao because Liu sought to establish that Wong and Cao were holding the real properties transferred from Wong to Cao in trust for Liu. On November 24, 2008, Liu filed and recorded Notices of Pendency of Action ("*lis pendens*") against the real properties that Wong transferred to Cao during the Initial Action (*2501-2503-2505 San Pablo Avenue*, *38500 Paseo Padre Pkwy*, *3511 Davis Street*, *698 30th Street*, and *7149 Buckingham Blvd.*) and other real properties being held in Wong's name alone (*1301 Caroline Street* in Alameda, California, *2863-2869 38th Avenue* in Oakland, California, *244 Mather Street* in Oakland, California, and *879 Village Circle* in Oakland, California) which Wong had not transferred to anyone but could encumber in anticipation of a judgment in the Second Action. The Court set the trial date for February 2010.

25      19.    On April 27, 2009, Wong and Cao filed a motion in the Second Action to expunge the *lis pendens* on the various properties, and this motion was granted on June 19, 2009 because the Court determined that, at that time, Liu had not met her burden to establish probable validity of a claim to any particular real property for purpose of the *lis pendens*.

LAW OFFICES OF
STEPHEN BENDA
750 Menlo Ave., Suite 350
Menlo Park, CA 94025
TEL: (650) 323-6600
FAX: (650) 323-6642

20. On August 18, 2009, within two months of the expungement of the *lis pendens* on those real properties, Cao, through her alter-ego company EZ Loan, helped Wong take out a $417,000 loan against *1303 Caroline Street* in an attempt to shield Wong's assets from Liu. Fearing that she may be left with a naked judgment for damages, on August 4, 2009, Liu filed an application for a Temporary Restraining Order ("TRO") against the real properties previously subject to the *lis pendens* that would prohibit Wong from transferring or further encumbering these real properties. On August 5, 2009, Liu's application for TRO was denied.

21. Wong then concealed most of the proceeds of the $417,000 loan by secretly purchasing two real properties at foreclosure sales through an entity owned and controlled by Cao and Wong. On May 11, 2009, Cao and Wong formed defendant Multi Ventures LLLP, a Nevada limited liability limited partnership ("Multi Ventures"). On May 1, 2009, Cao and Wong also formed defendant PG Investment LLC, a Nevada limited liability company ("PG Investment"), for the sole purpose of being a general partner of Multi Ventures and further obscuring the chain of ownership. Then, on September 22, 2009, Wong purchased *1230 39th Avenue* in Oakland, California for $115,000 and immediately vested title in PG Investment.

22. On September 28, 2009, Wong purchased *1430 8th Avenue* in Oakland, California for $219,900 and also immediately vested title in Multi Ventures. The purchase funds came from the $417,000 loan that Cao helped Wong obtain against *1303 Caroline Street*. Liu did not learn of the existence of PG Investment or Multi Ventures, or their connection to Cao or Wong, until several months after she won the March 2010 jury trial in the Second Action.

23. In September 2009, Liu filed an application for right to attach order on *1301 Caroline Street* and on *2863-2869 38th Avenue*, both of which Wong and his wife owned, because those two properties still had substantial equity and could be used to satisfy Liu's judgment if she prevailed at trial on the Second Action, Case No. RG-08-421861. While the attachment motion was pending, Cao negotiated a dismissal from the Second Action, which was entered on September 23, 2009 as Liu believed that Wong's remaining assets, in particular the remaining substantial equity in *1303 Caroline Street* and *2863-2869 38th Avenue*, were sufficient to satisfy a judgment that Liu would obtain against Wong in the Second Action.

LAW OFFICES OF
STEPHEN BENDA
750 Menlo Ave., Suite 350
Menlo Park, CA 94025
TEL: (650) 323-6600

24. On October 9, 2009, the Court granted Liu's application for attachment of Wong's *1303 Caroline Street* and *2863-2869 38th Avenue* real properties. Liu recorded the writs of attachment on October 19, 2009 against both real properties. However, on October 16, 2009, a week after this Court ordered the attachment for *1303 Caroline Street* and *2863-2869 38th Avenue* but three days before Liu recorded attachment against these two real properties, Wong and Cao executed a Note secured by two Deeds of Trust alleging that Wong owed Cao $1,115,000. Specifically, Wong permitted Cao to record a lien of $690,000 against *1303 Caroline Street* and another lien of $425,000 against *2863-2869 38th Avenue*.

25. Wong did not in fact owe any money to Cao, and therefore Wong fraudulently created the liens in favor of Cao made without consideration. The sole purpose of the liens was to remove any equity Wong had from the properties and thus hinder and delay Liu's efforts to collect on her potential judgment against Wong in the Second Action that was set to go to trial in four months from the date of Cao's liens. Cao knew of Liu's motion for right to attach order of *1303 Caroline Street* and *2863-2869 38th Avenue* because she was a party to the Second Action when the motion for attachment was filed and noticed, undoubtedly learned that the request for attachment was granted on October 9, 2009, and that the recording of this attachment was imminent. Cao actively conspired with Wong to place his remaining assets beyond Liu's reach.

26. Liu did not amend her complaint to name Cao again in the Second Action for fraudulent transfer, because Liu did not want to delay enforcement of her claims and continue the long-awaited trial date against Wong.

27. In March 2010, the jury returned a *unanimous* verdict in the Second Action for the amount of $888,000 in favor of Liu and against Wong with $310,000 for breach of contract, $52,000 for Fraud, $115,000 for intentional infliction of emotional distress and $410,000 for punitive damages. The original judgment of $888,000 was subsequently affirmed in all respects on appeal but modified to reduce fraud damages to $2,000, for a total modified judgment of $838,000. During the punitive damages phase of the Second Action, Wong testified that he had no money in his bank accounts except for a couple of thousand dollars, all his real estate properties were under water, and his business was losing money, making Wong insolvent. However, had Wong and Cao not conspired

LAW OFFICES OF
STEPHEN BENDA
750 Menlo Ave., Suite 350
Menlo Park, CA 94025
TEL: (650) 323-6600

Amended Complaint to Determine Dischargeability of Claims — Page 7 of 11
*Liu v Wong* — Adv. Case No. 13-04114

Case: 13-04114  Doc# 4  Filed: 05/30/13  Entered: 05/30/13 10:11:54  Page 7 of 11

to place fraudulent Deeds of Trust on the *1303 Caroline Street* and *2863-2869 38th Avenue* properties, in the total amount of $1,115,000 on October 16, 2009, Wong would have had enough equity in those real properties to satisfy all or a substantial part of the judgment in favor of Liu

28. Wong appealed from the judgment without posting an appeals bond. The California Court of Appeals modified the amount of the fraud award from $52,000 to $2,000, but otherwise affirmed the judgment in all respects. On July 2012, the Superior Court entered a modified the original judgment and entered the Judgment, in the amount of $838,000.

29. After the jury verdict and even before the entry of the Original Judgment, Wong proceeded immediately on a campaign of putting all of his remaining assets, mostly real estate holdings in Alameda County, beyond the reach judgment creditor Liu by creating third party entities and transferring some properties and funds thereto and placing fictitious liens made out to his girlfriend on other properties. In order to understand some of these facts, as they relate to this complaint, the below summarizes Wong's post verdict actions.

30. Wong engaged in a pattern of conduct of disposing of assets belonging to him and transferring them to Cao, which culminated in him putting a fraudulent encumbrance on two of his most significant assets – *1303 Caroline Street* and *2863-2869 38th Avenue* – on October 16, 2009, and purchasing *1230 39th Avenue* and *1430 8th Avenue* in the name of a shell entity called Multi Ventures which is owned by him and defendant Cao, and controlled by him and Cao. Wong actually purchased the 39th Avenue and 8th Avenue properties and vested their title in Multi Ventures.

31. After the March 2010 jury verdict, Liu learned of Wong's purchases of *1230 39th Avenue* and *1430 8th Avenue* through Multi Ventures for the sole purpose of holding title to real estate properties that belong to Wong, thus shielding Wong from collection efforts by Liu. However, by that time, Cao listed, marketed and, on May 12, 2010, sold *1230 39th Avenue* for $198,000, resulting in a substantial profit to her and Wong. Cao also listed and marketed *1430 8th Avenue* for sale but this sale was thwarted by the *lis pendens* that Liu was able to place on the real property.

32. Cao and Wong also formed Mountain, LP ("Mountain"), a Nevada limited partnership on February 13, 2009. Mountain is a nominal title holder of two real estate properties which belong to Wong, namely *7149 Buckingham Blvd.* and *7151 Buckingham Blvd.* both located in Berkeley,

California. Wong purchased *7149 Buckingham Blvd.* on April 15, 2002 for $347,400. Then, on July 31, 2008, Wong sold this real property below fair market value for $510,000 to Cao, and an individual named Mark Katz as tenants in common (95% to Cao and 5% to Katz). Katz and Cao then transferred *7149 Buckingham Blvd.* to Mountain. Cao refinanced *7149 Buckingham Blvd.* and, on February 27, 2009, while the Second Action was in trial, purchased the real property next door *7151 Buckingham Blvd.* for $545,000. Cao then transferred *7151 Buckingham Blvd.* to Mountain.

33. Wong and Cao thus engaged in a pattern of disposing of Wong's assets and transferring them to Cao. Wong in conspiracy with Cao wiped out all of his substantial equity in *1303 Caroline Street* and *2863-2869 38th Avenue* through two fraudulent liens totaling $1,115,000 about four months before trial. Wong and Cao also hid about $340,000 in *1230 39th Avenue* and *1430 8th Avenue* which was nominally held in the name of a shell entity called Multi Ventures that is owned and controlled by Wong and Cao. Despite having hidden or falsely encumbered nearly $1.5 million in assets, Wong falsely testified in March 2010, during the punitive damages portion of the Second Action, that he had no assets and that his liabilities exceeded his assets by about $1 million.

34. Further evidencing Wong's conspiracy with Cao to evade Liu's right to enforcement of her judgment in the Second Action, Wong transferred all of his interest in a carpet business to Cao to shield his income. Wong used to be a partner in a carpet business which generated for him about $70,000 per year as his share of profits. Wong claims that he abandoned his carpet partnership and ceased doing business by the March 2010 trial in the Second Action. However, on January 10, 2011, Cao, who is a real estate and loan broker, without any experience in the flooring business, registered a business in Alameda County under the fictitious name "Great Flooring" through her brokerage firm EZ Loan Realty. Wong transferred all of his interest in the carpet business including inventory, supplier lists, customer lists, and good will to Cao, enabling Cao to open "Great Flooring" at *1100-6th Avenue, #B*, Oakland, California. Wong could thus continue to operate his carpet business without threat of collection from Liu.

35. Plaintiff Liu was damaged by Wong and Cao's conspiracy because she has been unable to collect her judgment against defendant Wong, who has become insolvent as a result of his agreement and conspiracy with defendant Cao to conceal defendant Wong's assets.

LAW OFFICES OF
STEPHEN BENDA
750 Menlo Ave., Suite 350
Menlo Park, CA 94025
TEL: (650) 323-6600

# **PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

1. That in the interest of justice this Court bifurcate the determination of the nondischargeability of the Judgment entered in Superior Court and nondischargeability of the claim arising from the Pending Case in Superior Court.

2. That this Court makes a finding that acts of Wong in attempting to thwart the enforcement of the Judgment, both before and after its entry, including by recording fraudulent liens on his properties, as well as purchases and transfers of his own properties by the creation of and to third parties he controls, constituted willful and malicious injury by him to Liu, thereby making the discharge of, *inter alia*, part of the Judgment attributable to breach of contract nondischargeable.

3. That this court determines that whole amount of the Judgment in *Liu v. Wong et al.*, Alameda County Superior Court Case No. RG-08-421861 is nondischargeable and enters an order *pendente lite* allowing Liu to enforce so much of said State Court Judgment that this Court determines to be nondischargeable at that time.

4. That this Court postpones the final determination of the total amount of nondischargeable debt prayed for under this complaint until the Alameda County Superior Court has an opportunity to try the Pending Case of *Liu v. Wong et al.,* Alameda County Superior Court Case No. RG-10-516053, originally set for trial on March 4, 2013, and liquidates the amount of damages against Wong in that matter.

5. That this Court's *pendente lite* and final determinations in this action consist of a finding as to the amount of each of the judgments in Alameda County Superior Court Cases Nos. RG-08-421861 and RG-10-516053, when and as entered, that are nondischargeable, and additionally that this Court not enter a money judgment of its own, deferring to the California State Court judgments for enforcement and satisfaction, so as not to have a multiplicity of judgments outstanding.

6. To grant Plaintiff Liu whatever further interim or final relief that is justified in the interests of justice under the circumstances.

7. For costs of this suit.

8. For such other and further relief as this Court may deem just and proper.

LAW OFFICES OF
STEPHEN BENDA
750 Menlo Ave., Suite 350
Menlo Park, CA 94025
TEL: (650) 323-6600
FAX: (650) 323-6642

Amended Complaint to Determine Dischargeability of Claims
*Liu v Wong*
Adv. Case No. 13-04114
Page 10 of 11

Case: 13-04114  Doc# 4  Filed: 05/30/13  Entered: 05/30/13 10:11:54  Page 10 of 11

| | | |
|---|---|---|
| 1 | Dated: May 30, 2013 | LAW OFFICES OF STEPHEN BENDA |
| 2 | | /s/   Stephen Benda |
| | | Attorneys for Plaintiff, |
| 3 | | Ning Liu |

Amended Complaint to Determine Dischargeability of Claims
Liu v Wong

Case: 13-04114    Doc# 4    Filed: 05/30/13    Entered: 05/30/13 10:11:54    Page 11 of 11

Adv. Case No. 13-04114

Page 11 of 11

LAW OFFICES OF
STEPHEN BENDA
750 Menlo Ave., Suite 350
Menlo Park, CA 94025
TEL: (650) 323-6600